

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable S. J. Isaacks
Chairman, Judiciary Committee
House of Representatives
49th Legislature
Austin, Texas

Dear Judge Isaacks:

Opinion No. 0-6442
Re: Authority of City
Councils of the smaller
cities of the State --
non-home rule cities --
to enact valid ordinances
prohibiting tent shows,
skating rinks, carnivals,
and the like, within the
city limits.

    You ask this department for an opinion as to whether the City Councils of the smaller cities of the State, that is, the non-home rule cities, may enact valid ordinances like or similar to the one attached to your inquiry. The attached ordinance being as follows:

"THE STATE OF TEXAS
"COUNTY OF THOMPSON

### AN ORDINANCE

### TO BE ENTITLED

"AN ORDINANCE prohibiting all Tent Shows,
Skating Rinks or Carnivals from showing
within the City Limits for the duration
of the War.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF CORINTH, TEXAS:

"SECTION 1. That no tent shows, skating rinks or carnivals be allowed to operated inside the City Limits.

"SECTION 2. Any person or persons violating the foregoing section shall be fined not less than twenty-five dollars ($25.00).

"SECTION 3. All rules requiring an ordinance to be read more than once are hereby suspended and this ordinance shall become effective from and after its passage, approval and publication."

Article 1011 of the Revised Civil Statutes, dealing with such cities as are mentioned by you, contains the following:

"The City Council shall have power to pass . . . all ordinances, rules and police regulations, not contrary to the Constitution of this State, for the good government, peace and order of the city and the trade and commerce thereof, that may be necessary or proper to carry into effect the powers vested by this title in the corporation, the city government or in any department or office thereof; to enforce the observance of all such rules, ordinances and police regulations, and to punish violations thereof. No fine or penalty shall exceed One Hundred Dollars."

Article 1015 of the Statutes, further declares:

"The governing body shall also have power: . . .

"11. To abate and remove nuisances and to punish the authors thereof by fine, and to define and declare what shall be nuisances, and authorize and direct the summary abatement thereof; and to abate all nuisances which may injure or affect public health or comfort in any manner they may deem expedient. . . .

"37. To license, tax and regulate or suppress and prevent hawkers, peddlers, pawn brokers and keepers, or other exhibitions, shows and amusements.

"38. To license, tax or regulate theatres, cirouses, the exhibitions of common showmen, shows of any kind, and the exhibition of natural and artificial curiosities, caravans, menageries and musical exhibitions and performances.

"39. To authorize the proper officer of the city to grant and issue licenses, and to direct the manner of issuing and registering thereof, and the fees to be paid therefor. No license shall be issued for a longer period than one year, and shall not be assignable except by permission of the city council."

Article 7047, Section 22 (a), Vernon's Annotated Civil Statutes, levys a State occupation tax on tent shows and authorizes counties and cities to levy one-half of the amount of tax levied by the State. Subsection (b), Section 25 of Article 7047 imposes an annual or quarterly occupation tax on carnivals. Section 34 of Article 7047, when read in connection with the first paragraph of said Article, levys an annual occuation tax on skating rinks. Counties and cities may also levy an occupation tax on both carnivals and skating rinks. (See Art. 7048, V. A. C. S. Also see Art. 7047a-19 which relates to skating rinks.)

It has been stated by our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Rockwall County Levee Improvement District No. 3, 297 S. W. 206:

". . . it is now thoroughly well settled by the decisions of the highest courts in the land that municipal ordinances, and even legislative enactments, undertaking to regulate useful business enterprises, are subject to investigation in the courts, with the view of determining whether or not the ordinance or act is the lawful exercise of the police power; for no legislative body, or other tribunal as to that, can, under the guise of enforcing police regulations, arbitrarily interfere with the constitutional property rights of a single individual. The Legislature may, in the exercise of a

Hon. S. J. Isaaoks, Page 4

reasonable disoretion for the promotion of the
publio welfare, make laws that operate to the
individual hurt, but this right always is sub-
ject to judioial review, and the law itself is
void if it oontravenes the superior right of an
individual whom it injures. . . ."

With reference to the extent of and limitation on
police power, it is stated in Texas Jurisprudence, Vol. 30, p.
120:

"Generally speaking, municipal corporations
have the right, under the polioe power, to safe-
guard the health, comfort, and general welfare
of their citizens by such reasonable regulations
as are neoessary for that purpose.

"The police power is not an arbitrary one;
it has its limitations. Thus it is subject to
the limitations imposed by the Constitution upon
every power of government, and will not be per-
mitted to invade or impair the fundamental lib-
erties of the citizen. Also it is founded in
public neoessity and only publio neoessity oan
justify its exerolxe. It is commensurate with,
but does not exoeed, the duty to provide for the
real needs of the people in their health, safety,
comfort and convenience as consistently as may be
with private property rights. . . ."

A lawful business or ocoupation whioh is not a
nuisance per se, but is of suoh a nature that it may beoome
a nuisance aocording to the manner or plaoe of its pursuit,
is subject to reasonable regulation, but may not be absolu-
tely prohibited by a oriminal ordinanoe under the powers to
abate nuisanoes. (Ex parte Harris, 261 S. W. 1050).

Tent shows, skating rinks and oarnivals are all
taxed and their right to operate is reoognized by State laws.
They may be reasonably regulated, but they oannot be prohib-
ited. (See Mpmphy v. Wright, 115 S. W. (2d) 448). Tent shows,
skating rinks and oarnivals are not nuisanoes per se. It is
stated in the oase of Ex parte Brewer, 152 S. W. 1068:

Hon. S. J. Isaacks, Page 5

"The question of the right of a city to adopt reasonable regulations in regard to all matters subject to the police power has been so frequently before this court and so exhaustively discussed we do not deem it necessary to do so here, but merely cite some of the decisions, wherein it is expressly held that a right of the city authorities to adopt such regulations, so long as they are reasonable, are upheld, and wherein it is held that, if such ordinances do not amount to virtual prohibition, they are not in conflict with the laws of the state licensing such occupation. . . ."

It is stated in the case of Ex parte Goldberg, 200 S. W. 386:

". . . There are a few general propositions which seem to be well understood as the law, which may be stated as follows: A business which is authorized by the state law cannot be prohibited by city ordinance directly or indirectly. A business which is regulated by the state cannot be prohibited by the city either by express enactment or by prohibitory regulation. A business regulated by the state cannot be regulated by the city, otherwise than by grant of power to such city in the charter passed by the Legislature for the purpose of such regulation. Nor can such regulation be otherwise than in accord with the state law. . . ."

There are many cases holding that a business which is authorized by state law cannot be prohibited by city ordinance directly or indirectly. For the purposes of this opinion we do not deem it necessary to cite additional authorities.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that city councils of the smaller cities of Texas, that is, the non-home rule cities, cannot enact a valid ordinance like or similar to the one attached to your inquiry. Stated differ-

ently the city councils of such cities cannot enact a valid ordinance which will prohibit a business that is authorized by State law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

MAR 29 1945

ASSISTANT
ATTORNEY GENERAL

AW:fb